# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASPEX EYEWEAR, INC. and CONTOUR OPTIK, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALTAIR EYEWEAR, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) CIV. ACTION NO. 10-12202-WGY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT PRETRIAL MEMORANDUM

Pursuant to Local Rule 16.5, Plaintiffs Aspex Eyewear, Inc. ("Aspex") and Contour Optik, Inc. ("Contour") (collectively "Plaintiffs"), and Defendant Altair Eyewear, Inc. ("Altair"), submit this Joint Pre-Trial Memorandum.

**(1)   CONCISE SUMMARY OF EVIDENCE**

    **(a)   Plaintiffs' Evidence**

        **(i)   Liability**

This is a patent infringement case.  The Patent-In-Suit is U.S. Patent No. 5,737,054, entitled "Auxiliary Lenses For Eyeglasses", and issued on April 7, 1998 ("the '054 Patent).

Plaintiffs allege that Altair has literally infringed Claim 1 of the '054 Patent under 35 U.S.C. § 271 (a) by making, using, offering for sale, and selling bridge-mounted magnetic clip-on eyewear products under the Diamontite™, Joseph Abboud, and Sunlites brand names (collectively, the "Accused Products"). Plaintiffs expect to prove literal infringement through, for example, the trial testimony of Plaintiffs' expert Lee Zaro and Altair's expert Joel Sodano, and through demonstrative and documentary evidence identified on Plaintiffs' trial exhibit list.

Plaintiffs will also prove that Claim 1 of the '054 Patent is valid over Altair's asserted prior art.  Plaintiffs will demonstrate that in January, 2011, the United States Patent and

Trademark Office (the "PTO") confirmed the patentability of Claim 1 over Altair's asserted prior art in a reexamination proceeding instituted in the PTO by Altair. Plaintiffs will also demonstrate that (a) Altair cannot overcome the presumption of validity accorded Claim 1 under 35 U.S.C. § 282, or the enhanced presumption of validity resulting from conclusion of Altair's reexamination proceeding in the Plaintiffs' favor; (b) Altair will not be able to meet its burden of proving invalidity of Claim 1 by clear and convincing evidence; and (c) Claim 1 is neither anticipated nor rendered obvious by Altair's asserted prior art. Plaintiffs will demonstrate the above through the trial testimony of Messrs. Zaro, Sodano, Wright, Thierry Ifergan, and David Chao, and documentary and demonstrative evidence identified on Plaintiffs' trial exhibit list.

### (ii)    **Damages -- Willfulness -- Permanent Injunction**

Plaintiffs further contend that they are entitled to recover reasonable royalty damages through the end of trial based upon the sales information Altair has produced thus far. Plaintiffs are claiming a reasonable royalty of $5 per frame for each Accused Product, and compensatory damages in the amount of $1,939,994. Plaintiffs will prove damages through the trial testimony and exhibits of their damages expert Brian Napper, and the cross examination of Altair's expert Scott Hampton.

Plaintiffs further contend that Altair's infringement of the '054 Patent has been willful under 35 U.S.C. § 284. Plaintiffs expects to prove Altair's pre-suit knowledge of the '054 Patent, Altair's copying of Aspex's commercial embodiment of the Patent, and Altair's objective reckless with respect to its infringement of the '054 Patent thought the trial testimony of Stephen Wright, Nonu and/or Thierry Ifergan, and documentary evidence produced in discovery.

Plaintiffs also contend that they are entitled to a permanent injunction under 35 U.S.C. § 283 prohibiting Altair from further infringement of the '054 Patent. Plaintiffs expect to prove their entitlement to a permanent injunction through the trial testimony of Stephen Wright, Nonu and/or Thierry Ifergan, David Chao, and documentary evidence produced in the litigation.

### (iii)    **Attorneys' Fees**

Plaintiffs also contend that they are entitled to reasonable attorneys' fees under 35 U.S.C. § 285 by reason of Altair's willful infringement of the '054 Patent. Plaintiffs will prove their entitlement to attorneys' fees through their evidence of Altair's willful infringement.

**(b)** **Defendant's Evidence:**

**(i)** **Liability – Invalidity**

Altair will prove that the '054 patent is invalid on grounds of anticipation and obviousness. In particular, Altair will prove that the '054 patent is anticipated by at least the Miki and Stemme patents (Japanese Utility Model No. 3031881 and DE39 33310 A1, respectively). Altair will also prove that the '054 patent is invalid on grounds of obviousness in view of Miki and/or Stemme in combination with the Chao '207, Chen, Martin, Nishioka, Sandanga and/or Zen references. Altair will prove the '054 patent's invalidity through the testimony of Joel Sodano (Altair's technical expert) and Stephen Wright (Altair's President), and through documents and demonstrative exhibits identified in Altair's attached exhibit list. Altair may also use the testimony of Plaintiffs' expert, Lee Zaro, in proving invalidity of the '054 patent.

**(ii)** **Liability -- Unenforceability**

Altair will also prove that the '054 patent is unenforceable in light of Plaintiffs' unclean hands in asserting it. Altair will show that, during prosecution of the '054 patent, the applicants failed to timely submit to the Patent Office highly material prior art of which they were aware. After the '054 patent issued, the applicants chose not to seek reexamination of the patent in view of that prior art or otherwise bring the prior art to the attention of the Patent Office. The applicants' prosecution counsel, Peter Tong, expressly advised them not to assert the '054 patent given their failure to timely submit material prior art to the Patent Office. Plaintiffs' assertion of the '054 patent against Altair in the face of their own counsel's express warning against doing so, and without ever taking any steps to cure their failure to have the Patent Office consider material prior art of which they were aware, is highly inequitable and renders the '054 patent

- 3 -

unenforceable on grounds of unclean hands.  Altair will prove the unenforceability of the '054 patent through the deposition testimony of Mr. Tong, the testimony of '054 patent inventor Richard Chao and documents identified in Altair's attached exhibit list.

In the event that the '054 patent reissues before trial and is asserted against Altair, and/or the event that Plaintiffs are permitted to address the reexamination of the '054 patent at trial, Altair will further demonstrate Plaintiffs' inequitable conduct during reexamination of the '054 patent.  Altair will show that the '054 patent applicants persuaded the Patent Examiner that the '054 patent is not anticipated by, or obvious in view of, Miki because the presence of "hooks" as well as magnets in Miki eyewear purportedly renders that eyewear incapable of one-handed assembly, a limitation purportedly present in the '054 patent.  The applicants did not inform the Examiner of the material statements that Richard Chao, inventor of the '054 patent, made in his '811 and '896 patents, in which he unequivocally stated that eyewear with "hooks" as well as magnets can be easily assembled with one hand.  A reasonable Examiner would have considered those admissions to be highly material in considering the '054 patent applicants' attempts to distinguish the '054 patent from Miki, and the applicants' failure to bring those admissions to the Examiner's attention constitutes inequitable conduct that renders the '054 patent unenforceable.  Altair will prove this inequitable conduct through the testimony of Messrs. Schindler and Chao, as well as documents and demonstrative exhibits identified in Altair's attached exhibit list.

### (iii)    Liability – Non-Infringement

Altair will prove that its accused products do not infringe claim 1 of the '054 patent because claim 1 of the '054 patent requires a magnet "secured to" (*i.e.*, attached to but not embedded within) a projection extending from the bridge of an auxiliary eyeglass frame over the bridge of a primary eyeglass frame, while Altair's accused products have a magnet "secured in" (*i.e.*, embedded within) such a projection.  Altair will also demonstrate that Plaintiffs cannot meet their burden of proving that Altair's products can be assembled with one hand under the standard for one-handed assembly that Plaintiffs apply in their attempts to distinguish the '054

- 4 -

patent from the prior art.  Altair will prove non-infringement through the testimony of Messrs. Sodano and Wright, and through documents and demonstrative exhibits identified in Altair's attached exhibit list.  Altair may also use the testimony of Mr. Zaro to prove that its products do not infringe the '054 patent.

### (iv)   **Damages**

In the unlikely event that the '054 patent is found to be valid and infringed, Altair will prove that Plaintiffs are entitled to no more than $892,021 in compensatory damages, and more properly should not recover any damages at all, as Altair would have simply moved to a non-infringing design rather than agree to pay Plaintiffs a royalty on sales of its accused products. Moreover, the $5 per frame royalty that Plaintiffs have demanded is not supported by the evidence.  Altair will prove its damages position through the testimony of Mr. Wright and its damages expert, Scott Hampton, and through documents and demonstrative exhibits identified in Altair's attached exhibit list.  Altair may also use the testimony of Plaintiffs' damages expert, Mr. Napper, and Plaintiffs' representatives David Chao, Richard Chao, Jose Peña, Thierry Ifergan and Nonu Ifergan to prove its damages position.

In addition, in the unlikely event that the '054 patent is found to be valid and infringed, Altair will prove that any such infringement was not willful.  Altair will prove that it had no knowledge of the '054 patent when it commenced its sales of the accused products in May 2001. Altair purchased the accused products from a third party, had no role in their design, and did not "copy" the '054 patent as Plaintiffs allege.  In July 2001, Plaintiffs brought the '054 patent to Altair's attention.  Altair sought the advice of counsel and was advised by counsel that the '054 patent is invalid and/or not infringed.  Moreover, when Plaintiffs sued Altair on the '054 patent and two other patents (U.S. Patent Nos. 6,012,811 and 6,092,896 (the "'811" and "'896" patents, respectively), Altair prevailed on summary judgment of non-infringement as to all three patents. That judgment was upheld on appeal as to the '811 and '896 patents.  Altair's success in securing summary judgment of non-infringement demonstrates the soundness of its good faith belief that

its sales of accused products would not infringe any valid claim of the '054 patent. Altair will prove that any infringement of the '054 patent was not willful through the trial testimony of Mr. Wright and Messrs. Nonu and Thierry Ifergan, the deposition testimony of Raoul Renaud, Esquire (Altair's former in-house counsel) and Vitaliana Conforti, Esquire (Altair's former outside patent counsel), and through documents and demonstrative exhibits identified in Altair's attached exhibit list. Altair may also use the testimony of Plaintiffs' representatives David Chao, Richard Chao, Thierry Ifergan and Nonu Ifergan to prove its good faith belief that its sales of accused products would not infringe any valid claim of the '054 patent.

**(2)     JOINT STATEMENT OF UNDISPUTED FACTS**

1.      The '054 Patent-In-Suit issued on April 7, 1998 to the inventor, Richard Chao.

2.      Contour is the owner of the '054 Patent by way of assignment from Mr. Chao.

3.      Contour is a Taiwanese corporation owned by Mr. Chao's family.

4.      Aspex is a Delaware corporation, with its principal place of business in Florida.

5.      Aspex derives its patent rights from its Canadian sister company, Chic Optic.

6.      Aspex sells the following products, among others:  (i) EasyClip, Model No. O1040 and (ii) Tak2mi, Model No. T9633.

7.      Altair is a California corporation engaged in the distribution of eyewear. Altair is a wholly-own subsidary of Vision Services Plan ("VSP"), which is also a California corporation.[1]

8.      Jurisdiction and venue are proper in this Court.

9.      The Accused Products are bridge-mounted magnetic clip-on eyewear products marketed by Altair under the Diamontite™, Joseph Abboud, and Sunlites brand names.

10.     Altair commenced its sales of the Accused Products in May 2001.

11.     Plaintiffs commenced this suit in 2002, accusing Altair of infringing the '054,

---

[1] The parties understand and agree that Altair's status as a subsidiary of VSP will be cited solely to assist the jury in understanding the relationship between certain witnesses (formally employees of VSP) and Altair. Altair reserves the right to object to Plaintiffs' proffer of evidence regarding VSP and/or Altair's relationship with VSP for any other purpose.

'811 and '896 patents.

**(3)      CONTESTED ISSUES OF FACT**

    **(a)      Plaintiffs**

Plaintiffs have filed motions for summary judgment of literal infringement and for validity of Claim 1 over Altair's asserted prior art. Plaintiffs contend that there are no genuine issues of material fact on the infringement and validity issues, and that Plaintiffs' summary judgment motions should be granted in their entirety. However, because Plaintiffs' summary judgment motions are still pending, and Altair has filed oppositions to those motions, Plaintiffs believe the issues of fact listed below are disputed for purposes of this Joint Pre-Trial Statement.

To the extent that any issue of fact discussed herein is deemed to be an issue of law, it is incorporated below into Plaintiffs' Contested Issues of Law. Plaintiffs further reserve the right to amend this section, or any other section this Joint Pretrial Statement, following the Court's rulings on the parties' respective motions and cross-motions for summary judgment:

1.      Whether Altair has literally infringed Claim 1 of the '054 Patent under 35 U.S.C. § 271 (a) by making, using, offering for sale, and selling each of the Accused Products.

2.      Whether Altair's infringement has been and continues to be willful and deliberate under 35 U.S.C. § 284.

3.      If Altair is found to infringe Claim 1, the appropriate compensatory damages to be awarded to Plaintiffs on a reasonable royalty basis under 35 U.S.C. § 284.

4.      If Altair is found to have willfully infringed Claim 1, whether Plaintiffs are entitled to reasonable attorneys' fees under 35 U.S.C. § 285, and if so, the amount of such fees that should be awarded to the Plaintiffs.

5.      If Altair is found to infringe Claim 1, whether Plaintiffs are entitled to a permanent injunction against further infringement of the '054 Patent under 35 U.S.C. § 283.

6.      Whether Claim 1 is invalid by clear and convincing evidence of anticipation by Japanese Patent Utility No. 3031881 ("Miki"), pursuant to 35 U.S.C. § 102.

- 7 -

7. Whether Claim 1 is invalid by clear and convincing evidence of anticipation by German Patent No. 3933310 A1 ("Stemme"), pursuant to 35 U.S.C. § 102.

8. On July 27, 2009, Altair filed a request with the PTO to reexamine the '054 Patent in view of certain prior art references submitted by Altair.

9. On October 14, 2009, the PTO granted Altair's request for reexamination.

10. On January 12, 2011, the PTO issued a "Notice of Intent To Issue Ex Parte Reexamination Certificate", in which the PTO confirmed the patentability of stated its intention to reissue the claims of the '054 Patent over the prior art asserted by Altair in the reexamination proceeding.

**(b)** **Defendant**:

Altair has moved for summary judgment of non-infringement and invalidity. Altair contends that there are no genuine issues of material fact to preclude the entry of summary judgment in its favor on either issue, and that its motions should be granted in their entirety. However, because Altair's summary judgment motions are still pending, and Plaintiffs have opposed those motions, Altair understands that the issues of fact listed below are disputed for purposes of this Joint Pre-Trial Statement.

To the extent that any issue of fact discussed herein is deemed to be an issue of law, it is incorporated below into Altair's statement of Contested Issues of Law. Altair reserves the right to amend this section, or any other section this Joint Pretrial Statement, following the Court's rulings on the parties' respective motions and cross-motions for summary judgment:

1. Altair's sales of accused products do not literally infringe claim 1 of the '054 patent.

2. Claim 1 of the '054 patent is invalid because it is anticipated by Miki.

3. Claim 1 of the '054 patent is invalid because it is anticipated by Stemme.

4. A person of ordinary skill in the art would have considered the purported invention of claim 1 of the '054 patent to be obvious in view of Miki and/or Stemme in

- 8 -

combination with at least Chao '207, Zen and/or Chen, as well as Nishioka, Martin and/or Sadanaga.

5.      Plaintiffs asserted the '054 patent against Altair without making any attempt to cure their failure to timely inform the Patent Office of material prior art before the patent issued, contrary to the advice of their counsel.

6.      Even if the '054 patent were valid and infringed by Altair's sales of accused products, any such infringement was not willful.

7.      Even if the '054 patent were valid and infringed by Altair's sales of accused products, Plaintiffs would not be entitled to recover any royalty on such sales and, at most, would not be entitled to recover more than $892,021.

8.      By letter to Altair dated July 6, 2001, Plaintiffs asserted that Altair's sales of Accused Products infringe the '054 and '811 patents.

9.      Plaintiffs do not mark, and have never marked, their products covered by the '054 patent with patent numbers.

10.     On April 2, 2007, the United States District Court for the Southern District of New York granted Altair summary judgment of non-infringement as to all three asserted patents.

11.     On August 1, 2008, the United States Court of Appeals for the Federal Circuit affirmed summary judgment of non-infringement of the '811 and '896 patents.  The Federal Circuit reversed the district court's construction of claim 1 of the '054 patent and remanded the matter for further proceedings.

**(4)     <u>JURISDICTION ISSUES</u>**

Jurisdiction in this case is based on Title 28 U.S.C § 1331, in that Plaintiffs bring this action under 35 U.S.C. § 1338.  This Court has both subject matter jurisdiction and personal jurisdiction over Altair in this matter.  Jurisdiction is not disputed.

- 9 -

**(5)     PENDING MOTIONS**

1.     Plaintiffs' Motion for Summary Judgment of Literal Infringement of Claim 1 of the '054 Patent-In-Suit (Docket No. 171);

2.     Altair's Motion for Summary Judgment of Invalidity (Docket No. 178);

3.     Plaintiffs' Cross Motion for Summary Judgment of Validity of Claim 1 of the '054 Patent-In-Suit (Docket No. 185);

4.     Altair's Cross Motion for Summary Judgment of Non-Infringement (Docket No. 190);

5.     Altair's Second Motion to Strike Plaintiffs' Untimely Expert Testimony Pursuant to Federal Rules of Civil Procedure 26 and 37 (Docket No. 202); and

6.     Plaintiffs' Cross-Motion to Strike Altair's New Non-Infringement and Invalidity Defenses.

7.     Altair's Motion for Summary Judgment on Plaintiff's Affirmative Defenses (Docket No. 90).

> Plaintiffs hereby withdraw their affirmative defenses 2, 3, 4, 7, and 9, which renders Defendant's motion for summary judgment of these affirmative defenses moot.
>
> Altair contends that its motion for summary judgment is not moot.  Altair was forced to move for summary judgment dismissal of Plaintiffs' baseless affirmative defenses because Plaintiffs refused to withdraw them.  Plaintiffs opposed Altair's motion for summary judgment and the matter was fully briefed.  It was not until the preparation of this joint pretrial memorandum, when Altair observed that Plaintiffs made no mention of their affirmative defenses and asked whether Plaintiffs still intended to pursue them, that Plaintiffs revealed that they do not intend to pursue those defenses at trial.  Altair is entitled to summary judgment dismissing Plaintiffs' baseless defenses, as well as the costs and fees that it incurred in having to move for summary judgment on those defenses.

In addition to the above-listed pending motions, the parties seek to set a schedule for the filing of motions *in limine*, as well as *Daubert* motions, as appropriate.

**(6)     ANTICIPATED MOTIONS IN LIMINE**

The parties anticipate raising the following issues via motions *in limine*.  The parties

- 10 -

intend to meet and confer in a further attempt to narrow these issues before trial.

**(a) <u>Plaintiffs</u>:**

Plaintiffs intend to raise the following evidentiary issues via motions *in limine*:[2]

    a. Defendant must be precluded from presenting at trial documents ALT 42582-42768, which were disclosed after the close of discovery pursuant to Fed.R.Civ.P. 26 and 37.

    b. Defendant must be precluded from presenting at trial evidence regarding Plaintiffs' alleged inequitable conduct, to the extent any such evidence exists. Defendant has not properly pled an inequitable conduct defense, as required by *Exergen Corp. v. Wal-Mart Stores*, Inc., 575 F.3d 1312 (Fed. Cir. 2009).

    c. To the extent Defendant is permitted to present its alleged inequitable conduct claim, Defendant must not be permitted to present evidence of such alleged conduct to the jury. Inequitable conduct is a question of law to be decided by the Court, not the jury. Fed.R.Evid. 403.

    d. Defendant may not argue to the jury that Aspex has not lost sales and/or profits as a result of Altair's infringing conduct because Plaintiffs have elected to seek reasonable royalty damages rather than lost profits damages. Plaintiffs' election of remedies is not relevant, nor is it dispositive of whether Plaintiffs have in fact lost sales. Federal Rules of Evidence 402, 403.

    e. Defendant must be precluded from presenting evidence at trial regarding the alleged "acceptable non-infringing alternatives" referenced in Altair's damages expert Scott Hampton's report. Altair has presented no evidence

---

[2] The parties will participate in a meet and confer prior to filing *motions in limine* to determine which, if any, of these issues are disputed. Plaintiffs intend to file with the Court the stipulations the parties reach regarding these issues, if any.

that the alleged alternatives were available to Altair at or before the hypothetical negotiation date. Altair has also presented no evidence that the alleged alternatives would have been acceptable to either customers or Altair.

f.  Defendant must be precluded from presenting the Declaration of Otto Stemme at trial. Stemme was never designated as a witness during discovery, and the Declaration was presented after the close of discovery. Altair purports to make Mr. Stemme an expert witness qualified to testify about validity of the '054 Patent after the close of expert and fact discovery. Fed.R.Evid. 402, 403, 702; Fed.R.Civ.P. 26, 37. Mr. Stememe's documents, referenced above, and his declaration are hearsay under Fed.R.Evid. 803.

g.  Defendant must be precluded from presenting evidence regarding the following defenses, which were not disclosed during discovery, were not raised in Altair's technical expert Joel Sodano's report, and which are the subject of Plaintiffs' Motion to Strike, Docket No. 210:

  • An invalidity defense based on the contention that the '811 and '896 Patents disclose embodiments of the inventive auxiliary frame using hooking mechanisms similar to Miki, and which can be attached to the primary frame with one hand.

  • An invalidity defense based on the contention that paragraph 11 of the Miki translation discloses an embodiment of Miki's eyewear in which a magnet is "secured in" the middle bridge of the primary frame.

  • A non-infringement defense based on Altair's use of multiple magnets at the middle bridges of the accused primary and auxiliary

frames in light of statements in the '054 Patent specification distinguishing the Chao '207 Patent.

Defendant must also be precluded from presenting expert testimony that Mike and Stemme render Claim 1 of the '054 Patent obvious either when viewed individually, or when combined.  Altair's expert never rendered an opinion regarding this argument.  Fed.R.Evid. 703, Fed.R.Civ.P. 26, 37.

h.   Defendant must be precluded from presenting testimony from Julie Madison at trial.  Ms. Madison's purported testimony is not relevant to the issues in this case, in part because Altair's technical expert Joel Sodano did not rely upon Ms. Madison 's testimony for purposes of his invalidity analysis.  Altair is also attempting to use Ms. Madison as an expert, which is improper at this stage in the ligation under Fed.R.Civ.P. 26, 37

i.   Defendant should be precluded from making product-to-product comparisons between Plaintiffs' and Defendant's products.  Defendant's products should be compared against Claim 1 only.  Fed.R.Evid. 402, 403.

j.   Defendant should be precluded from presenting any expert opinions not disclosed in Mr. Sodano's October 22 expert report and December 18 rebuttal report.  Fed.R.Civ.P. 26, 37.

k.   Defendant should be precluded from presenting testimony from Harry Manbeck at trial.  The Southern District of New York found in a prior order that Mr. Manbeck was not one having ordinary skill in the technology disclosed in the '054 Patent.  Plaintiffs' expert is Lee Zaro. Fed.R.Evid. 702.

l.   Defendant should be precluded from presenting expert testimony from Allan Leck at trial.   Defendant's proffered expert is Joel Sodano. Fed.R.Civ.P. 26, 37.

- 13 -

m. Defendant should be precluded from presenting at trial pleadings or other evidence regarding Plaintiffs' other proceedings related to patents other than the '054 Patent.   Testimony unrelated to the patent-in-suit is not relevant and will confuse the jury.  Fed.R.Evid. 402, 403.

n. The parties should not be permitted to elicit or otherwise present testimony or evidence concerning or containing privileged information unless the party can establish a clear waiver of the privilege.  Fed.R.Evid. 501.

o. Defendant should be prohibited from referring to prior rulings by this Court or the Federal Circuit.  The prior rulings would serve no purpose at trial.  Fed.R.Evid. 402, 403.

p. Defendant should not be permitted to call Barry Schindler as a trial witness.  As set forth in Plaintiffs' Response to Motion to Compel Mr. Schindler's deposition, Mr. Schindler's testimony regarding his interview with the USPTO is irrelevant to the issues in this case, nor does Altair have any evidence of improper conduct before the PTO such that Mr. Schindler's testimony would be relevant.  Fed.R.Evid. 402, 403; *See, e.g.*, *Akzo N.V. v. U.S. Int'l Trade Com'n*, 808 F.2d 1471, 1482 (Fed. Cir. 1986).

q. Defendant should be precluded from showing the jury its purported Miki prototypes because they have not been authenticated and do not faithfully follow the disclosures of Miki.   *Purdue Pharma L.P. v. Boehringer Ingelheim Gmbh*, 98 F.Supp. 2d 362, 387-90 (S.D.N.Y. 2000).

r. Defendant should be precluded from presenting evidence of the '611 Patent at trial.  That patent was issued after the '054 Patent issued, and is not relevant to the determination of whether Altair's Accused Products

infringe Claim 1 of the '054 Patent.  Fed.R.Evid. 402, 403.

    s.   Plaintiffs will seek to exclude Altair's technical expert Joel Sodano on the basis that he used two different (and inconsistent) claim constructions for purposes of his infringement and invalidity analyses.

    t.   Defendant should be precluded from presenting evidence or testimony at trial that was disclosed following the close of discovery in this matter. Fed.R.Civ.P. 26, 37.

**(b)** <u>**Defendants**</u>**:**

Altair objects to Plaintiffs' assertion of anticipated motions *in limine* that do not put Altair on notice of any particular matter in dispute, but rather are mere statements of some general legal principle, untethered to any particular fact or legal matter in dispute.  Altair anticipates presenting the following issues to the Court via motions *in limine*:

    a.   Altair will object to Plaintiffs' calling Altair's trial counsel, Carl Pierce, as a witness at trial.  There is no legitimate basis for Plaintiffs to call Mr. Pierce as a witness, and their doing so is likely to confuse the jury and prejudice Altair.

    b.   Altair will object to Plaintiffs' attempt to introduce deposition testimony for witnesses in their control who are available to testify – and be cross-examined – live at trial.   In particular, Altair objects to Plaintiffs' designation of any deposition testimony for Messrs. David and Richard Chao (Chief Executive Officer and head of finance, respectively, for plaintiff Contour), Messrs. Nonu and Thierry Ifergan (President and Executive Vice President, respectively, for plaintiff Aspex), and Mr. Jose Peña (in-house counsel for plaintiff Aspex). Plaintiffs have stated that all of these witnesses are available to testify at trial.  Altair accordingly has not designated deposition testimony to use in place of live testimony for

these witnesses.  For purposes of this Joint Pretrial Memorandum, Altair has asserted objections and counterdesignations to the deposition testimony that Plaintiffs improperly designated, but maintains its objection to Plaintiffs' proffer of any deposition testimony for its own representatives.  Altair reserves the right to designate deposition testimony in lieu of live testimony for these witnesses, and any other witnesses, whom Altair learns will be unavailable to testify live at trial.

c.  Altair will seek to preclude Plaintiffs from asserting willful infringement at trial and/or offering evidence in support of such an assertion.  Plaintiffs have no evidence to support their contention that Altair knew of the '054 patent before it commenced sales of its accused products. Plaintiffs have no evidence to support their contention that Altair "copied" the '054 patent; on the contrary, Altair purchased its accused products from a third party and had no role in the design of those products.  When Plaintiffs informed Altair of the '054 patent, Altair sought advice of counsel and was informed that the patent is invalid and/or not infringed.  Moreover, Altair has already prevailed once on summary judgment of non-infringement of the '054, '811 and '896 patents.  Summary judgment as to the '811 and '896 patents was affirmed on appeal, and summary judgment of non-infringement of the '054 patent was reversed and remanded only because the Federal Circuit reversed the district court's construction of a particular claim term in the '054 patent.  There can thus be no genuine issue of fact as to whether Altair had an objectively good faith basis for believing that its sales of accused products do not infringe any valid claim of the '054 patent, and the matter should not be submitted to a jury.

d.  Altair will seek to preclude Plaintiffs from informing the jury of the

reexamination proceeding, the arguments made therein and/or the outcome thereof.  Among other things, Plaintiffs' counsel conducted an *ex parte* interview with the Patent Office during reexamination, which apparently persuaded the Patent Examiner to reverse her earlier determination that all claims of the '054 patent are invalid in view of the prior art.  Altair has been denied the opportunity to take discovery of Plaintiffs regarding that *ex parte* interview.  Altair will be prejudiced if Plaintiffs are permitted to introduce evidence of the reexamination proceeding at trial, as Altair has not had discovery to fully respond to and defend against any such evidence.  Moreover, evidence of the reexamination proceeding will serve only to confuse and mislead the jury regarding their role in assessing independently the '054 patent's validity, thereby causing further undue prejudice to Altair.  Altair further disputes Plaintiffs' contention that the Examiner's decision to reissue the claims of the '054 patent heightens the burden of proving the patent's invalidity.

e.  Altair will seek to preclude Plaintiffs' technical expert, Lee Zaro, from opining at trial on whether the '054 patent is invalid on grounds of obviousness.  Mr. Zaro's obviousness analysis is fundamentally contrary to controlling legal standards.  Permitting him to testify as an expert on obviousness, using standards that have no legal merit, would serve only to confuse and mislead the jury, and would be unduly prejudicial to Altair.

f.  Altair will further seek to preclude Plaintiffs' expert, Mr. Zaro, from opining at trial on any matters not disclosed in his opening and rebuttal expert reports.

g.  Altair will seek an order confirming that Plaintiffs cannot contest at trial whether Miki is prior art to the '054 patent.  Plaintiffs have waived that

issue by failing to preserve it in, among other things, the parties' dispositive motion briefing and the reexamination proceedings before the Patent Office.

**(7)**     **ISSUES OF LAW**

    **(a)**     **Plaintiffs**:

Plaintiffs believe the following issues of law are disputed:

    1.     Whether Defendant should be enjoined from making, using, selling, or offering to sell the Accused Products pursuant to 35 U.S.C. § 283.

    2.     Whether the claim term "*secured in*" means "*stably embedded in*" for purposes of Claim 1 of the '054 Patent.

    3.     Whether the claim term "*secured to*" means "*stably embedded within or attached to*" for purposes of Claim 1 of the '054 Patent.

    4.     Whether the claim term "*extending over*" means "*extending above, or over the top of*" for purposes of Claim 1 of the '054 Patent.

    5.     Whether the claim term "*for allowing said auxiliary spectacle frame to be attached to said primary spectacle frame with only one hand*" means "for allowing the user to use only one hand to easily attach the auxiliary spectacle frame to the primary spectacle frame while the primary spectacle frame is worn" for purposes of Claim 1 of the '054 Patent.

    6.     Whether Altair should be enjoined from making, using, selling, or offering to sell the Accused Products pursuant to 35 U.S.C. § 283.

    7.     Whether Claim 1 is invalid by clear and convincing evidence of obviousness in light of the combination of Miki and U.S. Patent No. 5,568,207 ("Chao '207"), pursuant to 35 U.S.C. § 103.

    8.     Whether Defendant Claim 1 is invalid by clear and convincing evidence of obviousness in light of the combination of Chinese Application No. 76209045 ("Chen"), German

- 18 -

Patent No. 8806898 ("Zen") and Chao '027, pursuant to 35 U.S.C. § 103.

9.      Whether Defendant Claim 1 is invalid by clear and convincing evidence of obviousness in light of the combination of Japanese Utility Model Application Publication No. H05-40493 ("Sadanaga"), U.S. Patent No. 5,642,177 ("Nishioka"), and U.S. Patent No. 5,867,244 ("Martin"), pursuant to 35 U.S.C. § 103.

        **(b)      Defendant**:

        Altair submits that the following legal issues should be addressed before trial:

        1.      The proper construction of "secured in" and "secured to," as those terms are used in the '054 patent.

        2.      The proper construction of "extending over," as that term is used in the '054 patent.

        3.      Whether the '054 patent's one-handed assembly language is a limitation of claim 1 of that patent or a statement of intended use and, if it is deemed to be a limitation, the standard to be applied in assessing whether Altair's accused products and/or prior art eyewear meet that limitation.

        Altair submits that the following legal issues should be addressed at/after trial:


        4.      Whether the '054 patent is invalid on grounds of obviousness in view of Miki and/or Stemme in combination with Chao '207, Zen and Chen.

        5.      Whether Plaintiffs' demand for injunctive relief against Altair should be denied.

        6.      Whether the '054 patent is unenforceable on grounds of unclean hands and/or inequitable conduct.

        7.      Whether this case should be declared exceptional and Altair awarded its attorneys' fees pursuant to 35 U.S.C. § 285.

**(8)**    **AMENDMENTS TO PLEADINGS**

There are no pending amendments to pleadings.  However, in the event that the claims of the '054 patent are reissued before trial, Altair reserves the right to amend its answer to assert inequitable conduct as to the reissued patent.  Moreover, Altair believes that it adequately pled its affirmative defense of unclean hands to Plaintiffs' assertion of the '054 patent.  In the event that the Court deems Altair's pleading of that defense to be insufficient, Altair reserves the right to seek leave to amend its answer and affirmative defenses to plead the matter with greater specificity.  The factual basis for Altair's assertions of unforceability are set forth in detail above. Plaintiffs are and have been on notice of those facts, and Altair's intention to assert them as grounds for unenforceability, and have had more than ample opportunity to take discovery on those issues.

**(9)**    **ADDITIONAL MATTERS**

There are no additional matters of which the parties are currently aware.

**(10)**    **LENGTH OF TRIAL**

The parties believe the trial of this matter will take no more than 40 trial hours, exclusive of opening, closing, and jury selection.

**(11)**    **WITNESSES**

**(a)**    **Plaintiffs' Witnesses**:

Plaintiffs anticipate calling the following witnesses at trial:

      1.    Richard Chao
          c/o Mike Nicodema
          Greenberg Traurig, LLP
          200 Park Avenue
          New York, New York  10166

      2.    David Chao
          c/o Mike Nicodema
          Greenberg Traurig, LLP
          200 Park Avenue
          New York, New York  10166

- 20 -

3.      Theirry Iferghan
        c/o Mike Nicodema
        Greenberg Traurig, LLP
        200 Park Avenue
        New York, New York  10166

4.      Nonu Iferghan
        c/o Mike Nicodema
        Greenberg Traurig, LLP
        200 Park Avenue
        New York, New York  10166

5.      Lee Zaro
        3417 Paseo Del Campo
        Palos Verdes Estates, California  90274

6.      Brian Napper
        FTI Consulting, Inc.
        1 Front Street  # 1500
        San Francisco, California  94111

7.      Stephen Wright
        c/o Tracy Quinn
        Reed Smith, LLP
        2500 One Liberty Place
        1650 Market Street
        Philadelphia, Pennsylvania  19103

8.      Carl Pierce
        Reed Smith, LLP
        2500 One Liberty Place
        1650 Market Street
        Philadelphia, Pennsylvania  19103

To the extent these witnesses are not available for live testimony, Plaintiffs intend to present these witness by deposition at trial, and have designated deposition testimony accordingly.  Plaintiffs further intend to present the testimony of the following witnesses by deposition:

1.      Vitaliana Conforti

2.      Jose Pena

- 21 -

3.      Raoul Renaud

Plaintiffs' deposition designations, Defendant's objections and counter-designations, and Plaintiffs' responses are attached hereto as Exhibit A-1.  Plaintiffs also reserve the right to call at trial any witnesses identified by Altair below in Plaintiffs' case-in-chief or in Plaintiffs' rebuttal case.

**(b)**      **Defendant's Witnesses**:

Altair expects to call some or all of the following witnesses in its case in chief and/or its rebuttal case at trial, either live or by deposition designation as noted below.  Altair reserves the right to call in its case in chief and/or its rebuttal case additional witnesses designated by Plaintiffs as witnesses who will testify in their case in chief or rebuttal case.

| **TRIAL WITNESS** | **TYPE OF TESTIMONY (Live or Deposition)** | **WITNESS TYPE** |
|---|---|---|
| Charles Baxley<br>Charles E. Baxley, P.C.<br>90 John Street, Suite 403<br>New York, NY 10038 | DEPOSITION | FACT |
| David Chao<br>1120 Green Acre Road<br>Towson, MD 21204<br><br>Contour Optik, Inc.<br>P.O. Box 465<br>Chiayi, Taiwan 600 | LIVE | FACT |
| Richard Chao<br>No. 43-4 Yi Hsin Tsuen<br>Shui San Hsiang<br>Chia Yi Hsien, Taiwan | LIVE | FACT |
| Vitaliana Conforti<br>Seattle Genetics, Inc.<br>PMB 287<br>4957 Lakemont Blvd SE Ste C4<br>Bellevue, WA  98006-7801 | DEPOSITION | FACT |
| David Delle Donne<br>Eyefinity, Inc.<br>35 Iron Point Circle, Suite 300<br>Folsom, CA 95630 | DEPOSITION | FACT |

NJ 227,135,855v1

| TRIAL WITNESS | TYPE OF TESTIMONY (Live or Deposition) | WITNESS TYPE |
|---|---|---|
| Scott Hampton<br>Hampton IP & Economic Consultants<br>500 North Market Place Drive<br>Centerville, UT 84014 | LIVE | EXPERT |
| Thierry Ifergan<br>Aspex Eyewear, Inc.<br>3950 Executive Way<br>Miramar, FL 33025 | LIVE | FACT |
| Jose Peña<br>Aspex Eyewear, Inc.<br>3950 Executive Way<br>Miramar, FL 33025 | LIVE | FACT |
| Allen Leck<br>560 San Antonio Road, Suite 105<br>Palo Alto, CA 94306 | DEPOSITION | FACT |
| Julie Madison<br>5835 La Gorce Drive<br>Miami Beach, Fl | DEPOSITION | FACT |
| Raoul Renaud<br>California Energy Commission<br>1516 9th Street<br>Sacramento, CA 95814 | DEPOSITION | FACT |
| Michelle Skinner (as of 8/09)<br>Altair Eyewear, Inc.<br>10875 International Drive<br>Rancho Cordova, CA 95670 | DEPOSITION | FACT |
| Joel Sodano<br>9328 Ambleside Drive<br>Cincinnati, OH 45241 | LIVE | EXPERT |
| Peter Tong<br>1807 Limetree Lane<br>Mountain View, CA 94040 | DEPOSITION | FACT |
| Ogden Webster<br>3075 Riverview Road<br>Riva, MD 21140 | DEPOSITION | FACT |
| Stephen Wright<br>Altair Eyewear, Inc.<br>10875 International Drive<br>Rancho Cordova, CA 95670 | LIVE | FACT |
| Barry Schindler<br>c/o Greenberg Traurig LLP | LIVE | FACT |
| Dr. Otto Stemme | DEPOSITION/DECLARATION | FACT |

| TRIAL WITNESS | TYPE OF TESTIMONY (Live or Deposition) | WITNESS TYPE |
|---|---|---|
| Heideckstrasse 29 80637 München, Germany | | |

Altair's deposition designations, Plaintiffs' objections and counter-designations, and Defendant's responses are attached hereto as Exhibit A-2.  Altair reserves the right to call additional witnesses live and/or by deposition in the event it discovers through the parties' ongoing duty of supplementation witnesses with material information, specifically including, *e.g.*, witnesses identified in the ongoing discovery in the pending *Aspex v. Zenni* matter.

The parties recognize that they have not had a reasonable opportunity to respond to the others' designations, objections, and counter-designations, and that additional time may be necessary to provide complete responses thereto. The parties will provide further responses at a mutually agreeable time prior to the final pretrial conference, and will provide the Court with revised Exhibits A-1 and A-2.

**(12)   PROPOSED EXHIBITS**

Before the final pretrial conference, the parties will assign joint exhibit numbers to exhibits that each party has identified as an exhibit it may offer in its case in chief at trial.  The parties will also meet and confer in an attempt to resolve as many objections to designated exhibits as possible.

**(a)   Plaintiffs' Proposed Exhibits**:

Plaintiffs' proposed exhibits are listed in Exhibit B-1, attached hereto.  Defendant's objections to Plaintiffs' exhibits are listed below.

**(b)   Defendant's Proposed Exhibits**

Defendant's proposed exhibits, and Plaintiffs' objections thereto, are listed in Exhibit B-2, attached hereto.

**(13)   OBJECTIONS**

Each party has lodged objections to some of the exhibits and deposition designations proposed by the other.  The parties will work together to narrow the objections prior to the

- 24 -

pretrial conference in this matter.

### (a)    Plaintiffs' Objections

Plaintiffs object to the following documents identified by Altair as trial exhibits.

| Description | Identification | Objection |
| --- | --- | --- |
| United States Patent 5,416,537: Magnetic Means for Securing Auxiliary Lenses to Eyeglasses; (Application No. 215,615) | ALT-000001-06 | 403, 403, not relied upon by expert |
| United States Patent 4,196,981: Eyeglasses Having Magnetically Positioned Flip-UP Lenses; Inventor: Jefferson Waldrop (Application No. 917,684) | ALT-000011-13 | 403, 403, not relied upon by expert |
| Republic of China Patent Disclosure: Magnetized Eyeglass Frames and Frameless Lenses; Inventor: Ch'en Huan-mao, Number: 76209045 | ALT-000014-30 | 403, 403, not relied upon by expert |
| Appendix 2: Table – 1 Characteristics of Iron Rubber Magnets | ALT-000031-44 | 403, 403, not relied upon by expert |
| United States Patent 6,109,747: Eyeglass Frames with Magnets in Flanges; Inventor: David Yinkul (Application No. 08/847,711) | ALT-000045-50 | 403, 403, not relied upon by expert |
| United States Patent 4,070,103: Spectacle Frame with Attachable One-Piece Slide-On Rim; Inventor: Martha C. Meeker (Application No. 651,842) | ALT-000051-8 | 403, 403, not relied upon by expert |
| Republic of France Ministry of Industry and Trade Industrial Property Division: Method of fitting additional lenses onto eyeglass frames; Inventor: Rene Tardy | ALT-000064-8 | 403, 403, not relied upon by expert; handwriting not authenticated, 901 |
| New Application Transmittal: Method for Forming a Spectacle Frame Having a Magnet Member; Inventor: David Chao (Application No. 08/865,379) | ALT-000130-67 | 402 |
| Patent File History for 6,109,747; Inventor: David Chao | ALT-000168-327 | 402 |
| Corporate document outlining the status of the lawsuits Aspex Eyewear, Inc. has brought together with is licensor against patent infringers | ALT-000880 | 402, 403 |
| United States Patent 6,053,611: Eyeglass frame coupling system; Inventors: Ku; Kuo-Hseng (Application No. 216,840 | ALT-000918-22 | 901 (handwriting) |

- 25 -

| Description | Identification | Objection |
|---|---|---|
| 5/20/99 Declaration for Patent Application and Power of Attorney for Auxiliary Lenses with Magnetic Clips (Application No. 09/315,108) | ALT-000925-7 | 402 |
| 9/30/99 Verified Statement (Declaration) Claiming Small Entity Status (37 CFR 1.9(f) and 1.27 (c)) – Small Business Concern: Auxiliary Lenses with Magnetic Clips; Inventor: Robert Zider | ALT-000928-9 | 402 |
| 5/20/99 Declaration for Patent Application and Power of Attorney for Auxiliary Lenses with Magnetic Clips (Application No. 09/315,108) | ALT-000930-2 | 402 |
| In the United States Patent and Trademark Office: 10/5/99 Transmittal Letter for Missing Parts of Application – Auxiliary Lenses with Magnetic Clips; Inventor: Robert Zider (Application No. 09/315,108) | ALT-000933-4 | 402 |
| In the United States Patent and Trademark Office: 10/5/99 Petition for Extension of Time Auxiliary Lenses with Magnetic Clips (Application No. 09/315,108) | ALT-000935-6 | 402 |
| 10/5/99 Recordation Form Cover Sheet: Patents Only Assignment outlining new and useful improvements for Auxiliary Lenses with Magnetic Clips (Application No. 09/315,108) | ALT-000937-9 | 402 |
| United States Patent and Trademark Office: 10/5/99 Patent Application  reformation check sheet, Inventor: Robert Zider (Application No. 09/315,108) | ALT-000940 | 402 |
| United States Patent and Trademark Office: 6/11/99 Notice to File Missing Parts of Application: Filing Date Granted; Inventor: Robert Zider (Application No. 09/315,108) | ALT-000941-2 | 402 |
| U.S. Department of Commerce – Patent and Trademark Office: 10/20/99 Notice of Draftsperson's Patent Drawing Review, Information on How to Effect Drawing Changes (Application No. 09/315,108) | ALT-000943-4 | 402 |
| United States Patent and Trademark Office: 12/29/99 Notice of Recordation of Assignment Document, Documented recognition of patent filings made by Robert Zider (Application No. 09/315,108) | ALT-000945-52 | 402 |

| Description | Identification | Objection |
|---|---|---|
| Notice of References Cited; Applicant: Zider; Examiner: Huy Mai; (Application No. 09/315,108) | ALT-000953 | 402 |
| United States Patent and Trademark Office: 12/18/99 Office Action Summary and Detailed Action for Application No. 09/315,108 | ALT-000954-7 | 402 |
| Drawings/Schematics – Fig. 1-13 | ALT-001071-7 | Incomplete document; 901, 802, 803 |
| Drawings/Schematics – Fig. 1-13 | ALT-001078-80 | Incomplete document; 901, 802, 803 |
| Index of Documents: Patent Matters | ALT-001081 | 403, 403, 901, incomplete |
| 5/20/99 Utility Patent Application for Auxiliary Lenses with Magnetic Clips; Inventor: Robert | ALT-001082-104 | 402, 403 |
| 6/5/98 Provisional Application Filing Receipt: Foreign Filing License Granted, Title, Magnetic Clip for Sunglasses (Application No. 60/086,355) | ALT-001105 | 402, 403 |
| 5/20/99 Provisional Patent Application for Patent Cover Sheet | ALT-001106 | 402 |
| U.S. Provisional Patent Application for Magnetic Clip for Sunglasses; Inventor: Robert Zider | ALT-001107-10 | 402, 403 |
| Altair Diamontite assembly instructions  Ex. 8 6/28/04 Skinner Dep. Aspex v. Altair | ALT-001489 | 402, 901 |
| Magnetic Manufacturer Information and 4/8/03 email from Tom Grogan to Kiyomi Kanda re: Diamontite Magnetics/New Patented Securing System | ALT-001640-41 | 402, 403, 802, 803 |
| 4/24/03 email from Tom Grogan to Kiyomi Kanda re: Diamontite | ALT-001644 | 402, 403, 802, 803 |
| 8/20/03 email from Tom Grogan to Kiyomi Kanda re: Diamontite Shipment | ALT-001646-1647 | 402, 403, 803, 803 |
| 9/30/03 email from Tom Grogan to Kiyomi Kanda re: Magnetic Clip Drawing | ALT-001660 | 402, 403, 802, 803 |
| 4/7/03 email from Tom Grogan to Kiyomi Kanda re: Diamontite Magnetics/New Patented Securing System | ALT-001662-63 | 402, 403, 802, 803 |

| Description | Identification | Objection |
|---|---|---|
| 10/1/03 email from Tom Grogan to Kiyomi Kanda re: Magnetic Clip Drawing | ALT-001668-69 | 402, 403, 802, 803 |
| 8/29/03 email from Kiyomi Kanda to Thomas Grogan re: New Ideas of Clip-on | ALT-001681 | 402, 403, 802, 803 |
| 11/21/02 email from Kiyomi Kanda to Tom Grogan re: magnetic sunclip improvement | ALT-001718-19 | 402, 403, 802, 803 |
| 11/6/02 email from Kiyomi Kanda to Tom Grogan re: Diamontite Magnetics + CR-39 | ALT-001724 | 402, 403, 802, 803 |
| 10/28/02 email from Kiyomi Kanda to Tom Grogan re: Diamontite Magnetics | ALT-001725-6 | 402, 403, 802, 803 |
| 10/1/02 email from Kiyomi Kanda to Tom Grogan re: Diamontite Magnetics | ALT-001731 | 402, 403, 802, 803, 901 |
| Sunlites Survey Ex. 5 6/28/04 Skinner Dep. Aspex v. Altair | ALT-001823-24 | 402, 403, 802, 803 |
| Exhibit D: Advertisements from Vision Monday and 20/20 Magazines; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-002473-7 | 402, 403; unrelated proceedings |
| Exhibit F: Julie Madison's 1994 Notebook drawings; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-002500-19 | 402, 403, 802, 803, 901 |
| Exhibit G: Additional Julie Madison Drawings; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-002520-35 | 402, 403, 802, 803, 901 |
| Exhibit L: Declaration of Kaorur Kimura; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-002738-41 | 402, 403 |
| Exhibit M: Declaration of Lynne Smith; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-002742-5 | 402, 403, unrelated proceedings; not relied upon by experts, Fed.R.Civ.P. 26, 37 |

- 28 -

| Description | Identification | Objection |
|---|---|---|
| Exhibit S: Expert report of Ronald L. Darata; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-002888-914 | 402, 403, 802, 803, Fed.R.Civ.P. 26, 37, not relied upon by experts; unrelated proceedings |
| Exhibit T: Declaration of Yasuo Fukuwa; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-002915-24 | 402, 403, unrelated proceedings; not relied upon by experts, Fed.R.Civ.P. 26, 37 |
| Exhibit U: Iwamoto's May 31, 1995 Japanese Patent Application; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-002925-60 | 402, 403, unrelated proceedings; not relied upon by experts, Fed.R.Civ.P. 26, 37 |
| Exhibit V: Supplemental Declaration of Yasuo Fukuwa; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-002961-71 | 402, 403, unrelated proceedings; not relied upon by experts, Fed.R.Civ.P. 26, 37 |
| Exhibit W: Second Supplemental Declaration of Yasuo Fukuwa; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-002972-4 | 402, 403, unrelated proceedings; not relied upon by experts, Fed.R.Civ.P. 26, 37 |
| Exhibit X: Exhibits associated with Declarations of Yasuo Fukuwa; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-0029676-3106 | 402, 403, unrelated proceedings; not relied upon by experts, Fed.R.Civ.P. 26, 37 |
| Exhibit Y: Papers associated with Interference proceeding No. 104,051; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003107-40 | 402, 403, unrelated proceedings; not relied upon by experts, Fed.R.Civ.P. 26, 37 |
| Exhibit Z: First Office Action associated with Reissue Application; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003141-52 | 402, 403, unrelated proceedings; not relied upon by experts, Fed.R.Civ.P. 26, 37 |

NJ 227,135,855v1

| Description | Identification | Objection |
|---|---|---|
| Exhibit AA: Reissue Declaration of D. Chao; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003153-65 | 402, 403, unrelated proceedings; not relied upon by experts, Fed.R.Civ.P. 26, 37 |
| Exhibit AB: Interference preliminary statement of R. Chao; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003166-7 | 402, 403, unrelated proceedings; not relied upon by experts, Fed.R.Civ.P. 26, 37 |
| Exhibit AC: Unredacted David Chao Exhibits; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003168-73 | 402, 403, unrelated proceedings; not relied upon by experts, Fed.R.Civ.P. 26, 37 |
| Exhibit AD: Excerpt of Interference Deposition of David Chao; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003175-7 | 402, 403, unrelated proceedings; not relied upon by experts, Fed.R.Civ.P. 26, 37; incomplete document |
| Exhibit AE: Chart comparing Twincome-Pentax invention and '545 reissue patent; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003178-81 | 402, 403, unrelated proceedings; not relied upon by experts, Fed.R.Civ.P. 26, 37; 802, 803, 805, 901 |
| Exhibit AF: Singapore judgment; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003182-244 | 402, 403, unrelated proceedings; not relied upon by experts, Fed.R.Civ.P. 26, 37 |
| Exhibit AG: Letter dated August 30, 2002 regarding Vision Monday advertisement; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003245-9 | 402, 403, unrelated proceedings; not relied upon by experts, Fed.R.Civ.P. 26, 37; 802, 803, 805 |
| Exhibit AH: Reissue declarations of Richard Chao; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003250-72 | 402, 403, unrelated proceedings; not relied upon by experts, Fed.R.Civ.P. 26, 37 |

| Description | Identification | Objection |
|---|---|---|
| Exhibit AI:  Report of Gerald Hibnick dated August 6, 2001; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003273-406 | 402, 403, 802, 803, Fed.R.Civ.P. 26, 37, not relied upon by experts; unrelated proceedings |
| Exhibit AJ:  Transcript of January 11, 1999 Deposition of Ira Lerner from Interference Proceeding No. 104,051; Statement of Undisputed Material Facts for Defendant's Summary Judgment Motion, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003407-35 | 402, 403, Fed.R.Civ.P. 26, 37, not relied upon by experts; unrelated proceedings |
| Plaintiff's Motion and Incorporated Memorandum to Strike Concepts' Memorandum of Law in Support of its Motion for Summary Judgment, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003436-42 | 402, 403, 802, 803, Fed.R.Civ.P. 26, 37, not relied upon by experts; unrelated proceedings |
| Plaintiff's Statement of the Material Facts as to which It is Contended that there Exists a Genuine Issue to be Tried Pursuant to Local Rule 7.5 in Support of their Opposition to Concepts' Motion for Summary Judgment, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003443-52 | 402, 403, 802, 803, Fed.R.Civ.P. 26, 37, not relied upon by experts; unrelated proceedings |
| Plaintiffs' Response to Concepts' Statement Pursuant to Local Rule 7.5 in Support of their Motion for Summary Judgment of Patent Invalidity and Non-Infringement, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003453-80 | 402, 403, 802, 803, Fed.R.Civ.P. 26, 37, not relied upon by experts; unrelated proceedings |
| Defendant's Reply to Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003481-600 | 402, 403, 802, 803, Fed.R.Civ.P. 26, 37, not relied upon by experts; unrelated proceedings |
| Memorandum Opinion and Order, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003601-31 | 402, 403, Fed.R.Civ.P. 26, 37, not relied upon by experts; unrelated proceedings |

| Description | Identification | Objection |
|---|---|---|
| Plaintiffs' Post-Oral Argument, Supplemental Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003632-77 | 402, 403, 802, 803, Fed.R.Civ.P. 26, 37, not relied upon by experts; unrelated proceedings |
| Exhibit 1: Amendment and Interview Summary, In re: Reissue of Letters Patent 5,568,207; Part of file for Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003678-704 | 402, 403, Fed.R.Civ.P. 26, 37, not relied upon by experts; unrelated proceedings |
| Exhibit 2: 4/19/02 Deposition of Julie Madison, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003705-7 | 402, 403, Fed.R.Civ.P. 26, 37, not relied upon by experts; unrelated proceedings |
| Exhibit 3: Excerpt from Webster's II New College Dictionary | ALT-003708-10 | 402, Fed.R.Civ.P. 26, 37, not relied upon by experts; unrelated proceedings |
| Memorandum and Opinion Order, Aspex Eyewear Inc., et al. v. Concepts in Optics, Inc. | ALT-003711-41 | 402, Fed.R.Civ.P. 26, 37, not relied upon by experts; unrelated proceedings |
| Handwritten notes dated 2/20/02 with attached documents | ALT-003765- 76 | 402, 403, 802, 803, 805, 901 |
| Miki patent (English translation) Excerpt of Ex. 15 to 6/29/04 Wright Dep. Aspex v. Altair | ALT-003777-86 | 402, 403, Fed.R.Civ.P. 26, 37, not relied upon by experts; incomplete |
| Miki patent | ALT-003787-94 | 402, 403, Fed.R.Civ.P. 26, 37, not relied upon by experts; incomplete |
| 5,568,207 File History  with references | ALT-003809- 4061 | 402, 403, Fed.R.Civ.P. 26, 37, not relied upon by experts; incomplete |
| 5,568,207 File History  with references, cont'd | ALT-004062- 122 | 402, 403, Fed.R.Civ.P. 26, 37, not relied upon by experts; incomplete, 901, 802, 803 |
| 5,568,207 File History  with references s, cont'd | ALT-004138- 367 | 402, 403, Fed.R.Civ.P. 26, 37, not relied upon by experts; incomplete, 901, 802, 803 |
| Translation of JP.3031881.U | ALT-004404- 33 | 402, 403, Fed.R.Civ.P. 26, 37; not relied upon by experts; incomplete, 901, 802, 803 |

| Description | Identification | Objection |
|---|---|---|
| Group of Altair Documents faxed from Davis Wright Tremaine<br><br>Ex. P-18<br>6/29/04 Wright Dep.<br>Aspex v. Altair | ALT-004434-4488 | Compilation of unrelated documents, 1006, 901, 802, 803, 402, 403 |
| 8/31/01 letter from Kristi Tyler to Douglas C. Ross, Esq. (Davis Wright Tremaine) with attached check and invoice | ALT-004544- 48 | 802, 803, 901 (handwriting) |
| 7/12/01 Invoice from Davis Wright Tremaine to Vision Service Plan | ALT-004551- 52 | 802, 803 |
| Email dated 7/19/01 from Raoul Renaud to Vita Conforti re: cease and desist letter received from Aspex requesting input on how to respond to letter. | ALT-004553 | 802, 803 |
| 4/18/01 Memo re: phone conference with Vita Conforti re: Sunlites patent. | ALT-004571- 72 | 802, 803, 805, 901 |
| Davis Wright Tremain File memorandum for 41457-18 dated 6/18/01. | ALT-004615 | 402, 403, 802, 803, 901, 805 |
| Handwritten notes dated 5/7/01 re: telephone call with Kristy | ALT-004616 | 402, 403, 802, 803, 901, 805 |
| 5/7/01 Letter from Conforti to Borsari & Assoc. requesting file wrapper for '207, without references. | ALT-004617- 19 | 402, 403, 802, 803 |
| Various handwritten notes from 12/01- 12/02. | ALT-004621- 27 | 402, 403, 802, 803, 901 |
| Translation of Miki/ Japanese version of Miki. | ALT-004653- 82 | 402, 403, experts did not rely on this version; Fed.R.Civ.P. 26, 37 |
| Spreadsheet that shows purchases by year from 2004 to '10 for Sunlites and Diamontite<br><br>Ex. 10<br>1/7/11 Wright Dep.<br>Aspex v. Altair | ALT-004691-98 | Pg. 4698 – 402, 403, 802, 803 |

| Description | Identification | Objection |
|---|---|---|
| Memo from Sherri Midgley to Steve Wright<br><br>Ex. 18<br>1/7/11 Wright Dep.<br>Aspex v. Altair | ALT-004701-03 | 402, 403, 802, 803 |
| 10/12/10 email from Tom Grogan to Ken Suesse re: Sunlites cost | ALT-004706 | 402, 403, incomplete |
| Memo and attachment from Tom Grogan to Ken Suesse<br><br>Ex. 13<br>1/7/11 Wright Dep.<br>Aspex v. Altair | ALT-004709-11 | 402, 403, 802, 803 |
| Spreadsheet titled "Aspex 2010"<br><br>Ex. 20<br>1/7/11 Wright Dep.<br>Aspex v. Altair | ALT-005925-74 | Pgs 5973-74: 402, 403, 802, 803, 805 |
| Spreadsheet titled "Sunlites and JA3pc analysis"<br><br>Ex. 11<br>1/7/11 Wright Dep.<br>Aspex v. Altair | ALT-007634-35 | 901 |
| 10/11/07 email from Mable Charn to Kiyomi Kanda re: Sunlites 1235-1240 Quotation (World) – 10.11.2007 | ALT-007766-68 | 402, 403, 802, 803, 805, redacted |
| Excerpt of spreadsheet providing information about eye care practice and sales representative | ALT-008602-07 | Incomplete, 901, 402, 403 |
| Presentation titled "Sunlites Magnetic Eyewear" | ALT-009185-206 | Undated, 901, 402, 403 |
| Drawing titled Altair Sunlites Collection: Style 1231 (Factory Reference Number E118) | ALT-010211 | 402, 901 |
| Drawing titled Altair Sunlites Collection: Style 1231 (Factory Reference Number E118) | ALT-010212 | 402, 901 |
| Drawing titled Altair Sunlites Collection: Style 1232 (Factory Reference Number B114) | ALT-010213 | 402, 901 |

- 34 -

| Description | Identification | Objection |
|---|---|---|
| Drawing titled Altair Sunlites Collection: Style 1232 (Factory Reference Number B114) | ALT-010214 | 402, 901 |
| Drawing titled Altair Sunlites Collection: Style 1233 (Factory Reference Number C119) | ALT-010215 | 402, 901 |
| Drawing titled Altair Sunlites Collection: Style 1233 (Factory Reference Number C119) | ALT-010216 | 402, 901 |
| Drawing titled Altair Sunlites Collection: Style 1234 (Factory Reference Number BT111) | ALT-010217 | 402, 901 |
| Drawing titled Altair Sunlites Collection: Style 1234 (Factory Reference Number BT111) | ALT-010218 | 402, 901 |
| 9/27/10 email from Steve Wright to Al Berg re: ASPEX year over year 202009.xls | ALT-023899 | 402, 403, 802, 803, 805 |
| 9/9/10 email from Steve Wright to Sherri Midgley re: Aspex | ALT-023902 | 402, 403, 802, 803, 805 |
| 9/27/10 email from Steve Wright to Sherri Midgley re: ASPEX year over year 201009.xls | ALT-023903 | 402, 403, 802, 803, 805 |
| 9/17/10 email from Steve Wright to Sherri Midgley re: Aspex | ALT-023904 | 402, 403, 802, 803, 805 |
| Excerpt from a 1,675 page spreadsheet titled "Aug09-July10 – Manetics – Aspex only"<br><br>Ex. 21<br>1/7/11 Wright Dep.<br>Aspex v. Altair | ALT-024671- 73 | Incomplete, 402, 403 |
| Spreadsheet that shows Aspex Eyewear, dated 2009, frame claims top 50 models<br><br>Ex. 19<br>1/7/11 Wright Dep.<br>Aspex v. Altair | ALT-027041- 48 | Incomplete, 402, 403 |
| Native Excel files AEO reviewed by Hampton | ALT-042525 | Objection – Bates labeled versions should be used for trial |

| Description | Identification | Objection |
|---|---|---|
| Native Excel files confidential  reviewed by Hampton | ALT-042526 | Objection – Bates labeled versions should be used for trial |
| Stemme Catalogue | ALT-042527- 33 | 402, 403, 802, 803, 901, disclosed after the close of discovery and inadmissible pursuant to Fed.R.Civ.P. 26, 37 |
| Letter from Eyeglass World to Aspex indicating they would remove all allegedly infringing inventory; Ex. 4 9/12/2002 Ifergan Dep.; Aspex Eyewear, Inc. et al v. Eyeglass World, Inc. | ASPEX-ALTAIR 554 | 402, 403, 802, 803 |
| Aspex Supp Obj. and Responses to E'lite First set of Roggs; Ex. 3; 3/25/2003 Ifergan Dep.; Aspex Eyewear, Inc. v. Concepts in Optics, Inc. | ASPEX-ALTAIR 2765-2774 | 402, 403; unrelated action |
| Aspex Third Supp. Reponses and Obj. to E'lite Roggs; Ex. 1; 3/25/2003 Ifergan Dep; Aspex Eyewear, Inc. v. Concepts in Optics, Inc. | ASPEX-ALTAIR 2775- 2778 | 402, 403; unrelated action |
| Letter from Baker Botts on behalf of Aspex, Contour, Chic, Cheuk Ho requesting a stay while certain proceedings in USPTO are pending; Ex. 1; 8/9/2002 Ifergan Dep.; Aspex , et al. v. Cheuk Ho Optical International, Ltd. | ASPEX-ALTAIR 3271-3275 | 402, 403; unrelated action, not relied upon by experts, Fed.R.Civ.P. 26, 37, 802, 803 |
| Order staying proceedings; Ex. 2; 8/9/2002 Ifergan Dep. Aspex , et al. v. Cheuk Ho Optical International, Ltd. | ASPEX-ALTAIR 3276-3277 | 402, 403; unrelated action, not relied upon by experts, Fed.R.Civ.P. 26, 37 |
| US Patent No. 6,149,269 re: Madison; Ex. 30 06/11/04 D. Chao Dep. Aspex v. Altair | ASPEX-ALTAIR 4399-4422 | 402, 403; unrelated action, not relied upon by experts, Fed.R.Civ.P. 26, 37 |
| Madison '269 Patent; Ex. 2; 1/16/02 Madison Dep. Aspex, et al v. Concepts in Optics & Wal-Mart | ASPEX-ALTAIR 4576-4600 | 402, 403; unrelated action, not relied upon by experts, Fed.R.Civ.P. 26, 37 |
| Declaration and Power of Attorney for Julie Madison; Ex. 5; 1/16/02 Madison Dep.; Aspex, et al v. Concepts in Optics & Wal-Mart | ASPEX-ALTAIR 4646-4648 | 402, 403; unrelated action, not relied upon by experts, Fed.R.Civ.P. 26, 37 |
| Assignment from Julie Madison to Ira Lerner dba Manhattan Design Studio; Ex. | ASPEX-ALTAIR 4649-4651 | 402, 403; unrelated action, not relied upon by experts, |

| Description | Identification | Objection |
|---|---|---|
| 6; 1/16/02 Madison Dep.<br>Aspex, et al v. Concepts in Optics & Wal-Mart | | Fed.R.Civ.P. 26, 37 |
| Information Disclosure Statement re:; 08/845,125/Spectacles Uniblock | ASPEX-ALTAIR 4660-4663 | 402, 403; unrelated action, not relied upon by experts |
| Declaration of Julie Madison re: 08/845,125/Spectacles Uniblock; Ex. 13; 1/17/02 Madison Dep.; Aspex, et al v. Concepts in Optics & Wal-Mart | ASPEX-ALTAIR 4672-4676 | 402, 403; unrelated action, not relied upon by experts |
| Handwritten drawings and notes; Ex. 3; 11/6/00 Madison Dep.; Aspex v. Elite | ASPEX-ALTAIR 4700-4720 | 402, 403; unrelated action, not relied upon by experts, Fed.R.Civ.P. 26, 37, 802, 803, 901 |
| Declaration of Kaoru Kimura re: 08/845,125/Spectacles Uniblock; Ex. 15; 1/17/02 Madison Dep.; Aspex, et al v. Concepts in Optics & Wal-Mart | ASPEX-ALTAIR 4721-4724 | 402, 403; unrelated action, not relied upon by experts, Fed.R.Civ.P. 26, 37 |
| Declaration of Takahiro Nishioka re:; 08/845,125/Spectacles Uniblock | ASPEX-ALTAIR 4725-4727 | 402, 403; unrelated action, not relied upon by experts, Fed.R.Civ.P. 26, 37 |
| Docs responsive to Roggs 7 and 12 (chain of title) and 13 (Sales summary for '054-'811); Ex. 6; 3/25/2003 Ifergan Dep.; Aspex Eyewear, Inc. v. Concepts in Optics, Inc. | ASPEX-ALTAIR 5416-5460 | Compilation of unrelated documents |
| Aspex Obj. and Responses to Elite's Third Set of Doc Demands; Ex. 7; 3/25/2003 Ifergan Dep.; Aspex Eyewear, Inc. v. Concepts in Optics, Inc. | ASPEX-ALTAIR 5461-5484 | 402, 403; unrelated action |
| Aspex Obj. and Responses to Elite's Fourth Set of Doc Demands; Ex. 8; 3/25/2003 Ifergan Dep.; Aspex Eyewear, Inc. v. Concepts in Optics, Inc. | ASPEX-ALTAIR 5485-5489 | 402, 403; unrelated action |
| Aspex Obj. and Responses to Elite's Fifth Set of Doc Demands; Ex. 9; 3/25/2003 Ifergan Dep; Aspex Eyewear, Inc. v. Concepts in Optics, Inc. | ASPEX-ALTAIR 5490-5504 | 402, 403; unrelated action |
| Multi-page document Ex. 4; Documents responses to interrogatories number 7, 12, and 13 in Aspex v. Elite; 3/24/03 D. Chao Dep.<br>Aspex v. Elite | ASPEX-ALTAIR 5547-5591 | Pg. 5547: 402 |
| 20/20 Lenses & Tech April 2003 publication; 20/20 web page dated 4/25/2003 | MOI-004769-77 | 402, 403 |

| Description | Identification | Objection |
|---|---|---|
| Summary Judgment Order dated August 6, 2003; Aspex v. Elite | ELITE00213-222 | 402, 403, unrelated proceeding |
| Elite Reply in Support of Its Motion for Summary Judgment | ELITE00223-236 | 402, 403, unrelated proceeding |
| Aspex Memo in Opposition to Elite Motion for Summary Judgment | ELITE00237-295 | 402, 403, unrelated proceeding |
| Aspex Statement of Material Facts in Opposition to Elite Motion for Summary Judgment | ELITE00296-300 | 402, 403, unrelated proceeding |
| Elite Motion for Summary Judgment and Memo in Support | ELITE00301-319 | 402, 403, unrelated proceeding |
| Cheuk Ho letter brief requesting pre-motion conference in Aspex v. Cheuk Ho | ELITE00320-323 | 402, 403, unrelated proceeding |
| Aspex Complaint in Aspex v. Cheuk Ho | ELITE00324-330 | 402, 403, unrelated proceeding |
| Aspex Amended Complaint in Aspex v. Cheuk Ho | ELITE00331-338 | 402, 403, unrelated proceeding |
| Aspex Responses and Objections to Elite Second Set of Document Requests | ELITE00349-357 | 402, 403, unrelated proceeding |
| Order denying Rule 59(e) and 60(b) Motion dated 9/26/03 | ELITE00496-497 | 402, 403, unrelated proceeding; 802, 803 |
| Aspex Reply Memo in Support of Its Motion for Reconsideration | ELITE00498-512 | 402, 403, unrelated proceeding; 802, 803 |
| Elite Opposition to Aspex Motion for Reconsideration | ELITE00513-570 | 402, 403, unrelated proceeding; 802, 803 |
| Aspex Memo in Support of Rule 59(3) and 60(b) Motion | ELITE00571-588 | 402, 403, unrelated proceeding; 802, 803 |
| Declaration of Thierry Ifergan in Support of Aspex Motion for Reconsideration | ELITE00589-592 | 402, 403, unrelated proceeding |
| Declaration of Nonu Ifergan in Support of Aspex Motion for Reconsideration | ELITE00602-606 | 402, 403, unrelated proceeding |
| Aspex v. Northern Eyes, Inc. - Subpoena, Notice of subpoena, objections, Privilege log; Claim 1-'054 Patent; Office Action; Claim 1 rejected over Sadler; Preliminary Amendment containing handwritten notes | Ex. 4 to 12/3/02 Baxley Dep. Aspex v. E'lite<br><br>ELITE-1361-1410 | 402, 403 |
| Privilege log (dated 11/7/02-3/20/97)<br><br>ELITE-1411-12 | Ex. 5 to 12/3/02Baxley Dep. Aspex v. Elite<br><br>ELITE-1411-12 | 402, 403, 901 |

- 38 -

| Description | Identification | Objection |
|---|---|---|
| Letter from Chen at Miko Patent and Trademark Co. to Baxley re:  Richard Chao new U.S. Patent Application dated Nov. 1996. | Ex. 6 to12/3/02 Baxley Dep. Aspex v. Elite<br><br>ELITE-1413 | 402, 403, subject to attorney-client privilege and listed on privilege log, which is Exhibit 5 to Baxley deposition |
| Response to Chen from Baxley re: Richard Chao US Patent Application dated Dec. 1996 | Ex. 7 to 12/3/02Baxley Dep. Aspex v. Elite<br><br>ELITE-1414 | 402, 403, subject to attorney-client privilege and listed on privilege log, which is Exhibit 5 to Baxley deposition |
| Letter from Chen to Baxley stating that '054 patent may have been involved in a lawsuit dated Oct. 25, 2002; requesting date sent; date received and date mailed/filed. | Ex. 8 to 12/3/02 Baxley Dep. Aspex v. Elite<br><br>ELITE-1415 | 402, 403, subject to attorney-client privilege and listed on privilege log, which is Exhibit 5 to Baxley deposition |
| Letter from Baxley to Chao responding to letter above stating PTO received application on 12/13/96. | Ex. 9 to 12/3/02 Baxley Dep. Aspex v. Elite<br><br>ELITE-1416 | 402, 403, subject to attorney-client privilege and listed on privilege log, which is Exhibit 5 to Baxley deposition |
| Temple mounted magnetic eyewear | Ex. 24 to 06/10/04 D. Chao Dep. Aspex v. Altair | 402 |
| 07/30/98 email from Tong to deponent | Ex. 25 to 6/10/04 D. Chao Dep. Aspex v. Altair<br><br>ELITE-1257 | 402, 403; exhibit is correspondence subject to the attorney-client privilege, which has not been waived |
| Article, "The Newest Technologies in Non-Rimmed Eyewear" | Ex. 31 to 06/11/04 D. Chao Dep. Aspex v. Altair | 402, 403, 802, 803, 901 |
| US Patent, re: Delamour 6,409,337 B1 | Ex. 32 to 06/11/04 D. Chao Dep. Aspex v. Altair | 402 |
| US Patent, re: Strube 6,331,057 B1 | Ex. 33 to 06/11/04 D. Chao Dep. Aspex v. Altair | 402 |

| Description | Identification | Objection |
|---|---|---|
| Opinion of Singapore Court re: Patents 47151 and 60169 | Ex. 36 to 06/11/04 D. Chao Dep. Aspex v. Altair | 402, 403, 802, 803, decision is not binding and not regarding patent in suit |
| Spectacle hand-drawings APX747 00802; APX74700804-06; 808-22; JM0001-14; Madison Dep Ex 3 (2000); Madison Ex. 14 (2002) | Ex. 39 to 06/11/04 D. Chao Dep. Aspex v. Altair | 402, 403, 803, 803, 901 |
| Reissue Application Declaration APX207INTERFERENCE02757-APX207INTERFERENCE02768; APX-207-02563-APX-207-02573 | Ex. 2064 to 2/24/99 Hearing: Interference No. 104,051 R. Chao v. Iwamoto | 402, 403 |
| Information Disclosure Statement APX207INTERFERENCE02769-APX207INTERFERENCE02776; APX-207-02574-APX-207-02580 | Ex. 2065 to 2/24/99 Hearing: Interference No. 104,051 R. Chao v. Iwamoto | 402 |
| Reissue Application Declaration of Richard Chao and Power of Attorney CHAO000176-000377; | Ex. 19 to 6/3/99 R. Chao Dep. Aspex v. Elite  CONCEPT000367-000377 | 402, 403 |
| Appendix 1 APX-207-03003-03020; APX207INTERFERENCE 03250-67 | Ex. 1 to 10/8/98 Declaration of R. Chao | 402, 403 |
| Appendix 2 APX-207-03021-03023; APX207INTERFERENCE 03268-03270 | Ex. 2 10/8/98 Declaration of R. Chao | 402, 403 |
| '054 File History | Ex. 4 to 6/9/04 R. Chao Dep. Aspex v. Altair  ALT-000605-686 | Incomplete file history |

- 40 -

| Description | Identification | Objection |
|---|---|---|
| Sketch hand-drawn by deponent | Ex. 9 to 6/9/04<br>R. Chao Dep.<br>Aspex v. Altair | 403, 403, 901 |
| New Utility Model Patent Description #107096 | Ex. 20 to 6/9/04<br>R. Chao Dep.<br>Aspex v. Altair | 402, 403, expert did not rely upon reference |
| Zen Patent<br><br>ELITE 054/811-DH 0243-0259 | Ex. 21 to 6/9/04<br>R. Chao Dep.<br>Aspex v. Altair | 402, 403, expert did not rely upon translation |
| Agreement between Altair Eyewear and World Optical dated 12/2000; Freedom to Operate Opinion from Vitaliana Conforti; '207 patent; letters; handwritten notes and misc documents | Ex. P-46 to 8/26/04<br>Conforti Dep.<br>Aspex v. Altair | 402, 403, not related to patent in suit, 802, 803; compilation of documents |
| Letter to Vitaliana Conforti from Eric Trucksess re US Patents 5,737,054 and 6,012,811 dated August 21, 2001 | Ex. 47 to 8/26/04<br>Conforti Dep.<br>Aspex v. Altair | 402, 403, not related to patent in suit, 802, 803 |
| Letter from Brian Bodine enclosing copies of Conforti's notes and documents used in preparing opinion in Aspex v. Altair | Ex. P-48 to 8/26/04<br>Conforti Dep.<br>Aspex v. Altair | 402, 403 |
| Table showing Quantity of Products Ordered and Dollar Amount of Products; Spreadsheet providing Order ID, Order #, Order Date, Supplier, Manufacturer, Collection, Product, Quantity, and Exact Amount (6/20/02-7/18/04)<br><br>Note: these docs were originally designated as ALT-004595-ALT005106 but changed to EYE docs | Ex. 9 to 7/21/04<br>Delle Donne Dep.<br>Aspex v. Altair<br><br>EYE000098-000562 | 901, 1006 |
| Aspex Second Supp Obj. and Responses to E'lite First Set of Interrogatories | Ex. 2 to 3/25/03<br>Ifergan Dep.<br>Aspex Eyewear, Inc. v. Concepts in Optics, Inc.<br><br>ELITE1628-ELITE1645 | 402, 403, unrelated action |

| Description | Identification | Objection |
|---|---|---|
| Thierry Ifergan Verification re: Third Supp. Responses and Obj. to Elite Interrogatories | Ex. 4 to 3/25/03 Ifergan Dep. Aspex Eyewear, Inc. v. Concepts in Optics, Inc.<br><br>ELITE1669 | 402, not related to any listed exhibit |
| Aspex Obj. and Responses to Elite's Second Set of Interrogatories | Ex. 5 to 3/25/03 Ifergan Dep. Aspex Eyewear, Inc. v. Concepts in Optics, Inc.<br><br>ELITE5401-5415 | 402, 403 |
| Supplemental Expert Report of Harry F. Manbeck, Jr. dated June 24, 2004 | Ex. 45 to 7/28/04 Ifergan Dep. Aspex v. Altair | 402, 403, 802, 803 |
| Handwritten drawings and notes<br><br>APX747-00792 | Ex. 4 to 1/4/01 Madison Dep. Aspex v. Elite | 402, 403, 901, 802, 803, unrelated technology |
| Handwritten drawings and notes<br><br>APX747-00779 | Ex. 5 to 1/4/01 Madison Dep. Aspex v. Elite | 402, 403, 901, 802, 803, unrelated technology |
| Chinese Patent Chen 107096 | Ex. 11 to 11/21/02 Manbeck Dep. Aspex v. Elite<br><br>ELITE0037-0068 | 402, 403 – exhibit is a translated version of the Chen reference upon which no expert in this case relies; translation is not complete and missing figures<br>901 – translation not authenticated |
| Expert Report of Brian Napper | Ex. 15 to 3/16/11 Napper Dep. Aspex Eyewear, Inc., et al v. Zenni Optical LLC | 802, 803 |
| Memo from Barclay Westerfeld, Esq. to Stuart Thompson, Esq. re: Aspex Patents | Ex. 39 to 6/30/04 Renaud Dep. Aspex v. Altair | 402, 403, 802, 803, 805, 901, 1006 |

| Description | Identification | Objection |
|---|---|---|
| Expert Report of Joel Sodano Regarding the Non-Infringement and Invalidity of Claim 1 of U.S. Pat. No. 5,737,054 | Ex. 2 to 1/5/11 Sodano Dep. Aspex v. Altair | 802, 803 to the extend Mr. Sodano is testifying live |
| Rebuttal Expert Report of Joel Sodano Regarding the Non-Infringement and Invalidity of Claim 1 of U.S. Pat. No. 5,737,054 | Ex. 3 to 1/5/11 Sodano Dep. Aspex v. Altair | 802, 803 to the extend Mr. Sodano is testifying live |
| Miki prototype | Ex. 6A to 1/5/11 Sodano Dep. Aspex v. Altair | 402, 403, 901; experts do not rely upon prototype |
| Miki prototype | Ex. 6B to 1/5/11 Sodano Dep. Aspex v. Altair | 402, 403, 901; experts do not rely upon prototype |
| Miki prototype | Ex. 7A to 1/5/11 Sodano Dep. Aspex v. Altair | 402, 403, 901; experts do not rely upon prototype |
| Miki prototype | Ex. 7B to 1/5/11 Sodano Dep. Aspex v. Altair | 402, 403, 901; experts do not rely upon prototype |
| File History U.S. Patent No. 5,737,054 | Ex. 5 to 12/4/02 Tong Dep. Aspex v. Elite ELITE-0912 – 1346 | 402, 403 – incomplete file history for the '054 Patent |
| All Languages Ltd. translation of Miki Patent | Ex. 9 to 12/4/02 Tong Dep. Aspex v. Elite | 402, 403 – exhibit is a translated version of the Miki reference upon which no expert in this case relies 901 – translation not authenticated |
| Inlingua translation of Miki Patent | Ex. 10 to 12/4/02 Tong Dep. Aspex v. Elite ELITE-0098 – 0106 | 402, 403 – exhibit is a translated version of the Miki reference upon which no expert in this case relies; translation is not complete and missing figures 901 – translation not authenticated |

| Description | Identification | Objection |
|---|---|---|
| Webster Expert Report | Ex. 2 to 12/22/2004 Webster Dep. Aspex v. Altair | 402, 403, 802, 803, Fed.R.Civ.P. 26, 37 |
| Webster Declaration in support of D's MSJ of Invalidity | Ex. 3 to 12/22/2004 Webster Dep. Aspex v. Altair | 402, 403, Fed.R.Civ.P. 26, 37 |
| Letter from Patro Information encl. English translation of 3031881 - Miki | Ex. 8 to 12/22/2004 Webster Dep. Aspex v. Altair | 402, 403, Fed.R.Civ.P. 26, 37 |
| Inlingua Translation Miki | Ex. 10 to 12/22/2004 Webster Dep. Aspex v. Altair | 402, 403 – exhibit is a translated version of the Miki reference upon which no expert in this case relies; translation is not complete and missing figures |
| Declaration of Toshiko Takenaka, Ph.D. | Ex. 12 to 12/22/2004 Webster Dep. Aspex v. Altair | 402, 403, improper expert testimony, Fed.RCiv.P. 26, 37 |
| Declaration of Jun Kajinami | Ex. 13 to 12/22/2004 Webster Dep. Aspex v. Altair | 402, 403 |
| Webster Rebuttal Report | Ex. 16 to 12/22/2004 Webster Dep. Aspex v. Altair | 402, 403, 802, 803, Fed.R.Civ.P. 26, 37 |
| Group of 15 Documents titled Evidence Notebook - see below for detailed description | Ex. 15 to 6/29/04 Wright Dep. Aspex v. Altair | Objection to compilation of unrelated documents – 402, 403 |
| Rule 30(b)(6) deposition notice of Altair | Excerpt of Ex. 15 to 6/29/04 Wright Dep. Aspex v. Altair | 402, 403 |
| Protective Order | Excerpt of Ex. 15 to 6/29/04 Wright Dep. Aspex v. Altair | 402, 403 |

| Description | Identification | Objection |
|---|---|---|
| Noninfringement claim charts | Excerpt of Ex. 15 to 6/29/04 Wright Dep. Aspex v. Altair | 402, 403 (as to the '896 and '811 Patents), 802, 803, 901 |
| Invalidity claim charts (all three patents) | Excerpt of Ex. 15 to 6/29/04 Wright Dep. Aspex v. Altair | 402, 403 (as to the '896 and '811 Patents), 802, 803, 901 |
| Evidence of "frameless" (exhibits to Chao deposition, including Madison patent; "Newest Technologies" article; etc. | Excerpt of Ex. 15 to 6/29/04 Wright Dep. Aspex v. Altair | 402, 403, 901 |
| Group of documents from Altair Eyewear Sunlite Glasses | Ex. P-21 to 6/29/04 Wright Dep. Aspex v. Altair | Objection – compilation of unrelated documents and Plaintiffs can generally object 402, 403, 802, 803 |
| Opening Report by Lee Zaro | Ex. 1 to 1/12/11 Zaro Dep. Aspex v. Altair | 802, 803 |
| Rebuttal Expert Report of Lee Zaro Regarding Infringement and Validity (w/ Exhibits A-L) | Ex. 2 to 1/12/11 Zaro Dep. Aspex v. Altair | 802, 803 |
| Samples of Altair Products at Issue | | Products are not identified, and Plaintiffs are therefore unable to object, if appropriate |
| Samples of Aspex Products at Issue | | Products are not identified, and Plaintiffs are therefore unable to object, if appropriate |
| 03/07/2011 Expert Report of Scott D. Hampton and materials cited therein | | Report is inadmissible under Fed.R.Evid. 802, 803 "Materials cited therein" are not identified, and Plaintiffs are unable to object, if appropriate |
| 02/04/2011 Expert Report of Brian W. Napper and materials cited therein | | Report is inadmissible under Fed.R.Evid. 802, 803 "Materials cited therein" are not identified, and Plaintiffs are unable to object, if appropriate |
| 12/18/2010 Rebuttal Expert Report of Joel Sodano and materials cited therein | | "Materials cited therein" are not identified, and Plaintiffs are unable to object, if |

| Description | Identification | Objection |
|---|---|---|
| | | appropriate |
| 12/15/2010 Rebuttal Report of Lee Zaro and materials cited therein | | Report is inadmissible under Fed.R.Evid. 802, 803 "Materials cited therein" are not identified, and Plaintiffs are unable to object, if appropriate |
| 10/22/2010 Expert Report of Joel Sodano and materials cited therein | | "Materials cited therein" are not identified, and Plaintiffs are unable to object, if appropriate |
| 10/22/2010 Expert Report of Lee Zaro and materials cited therein | | Report is inadmissible under Fed.R.Evid. 802, 803 "Materials cited therein" are not identified, and Plaintiffs are unable to object, if appropriate |
| US Patent No. 6,343,858 (Zelman) | cited in Scott Hampton report | |

**(b)** **Defendant's Objections**

Altair objects to the following documents identified by Plaintiffs as trial exhibits.

| Exhibit | Source/ Bates Range | Description | Def. Objection |
|---|---|---|---|
| 29 | Sodano (01/05/11) EX. 1 | Email from Joel Sodano to Thierry Ifergan Regarding Future Projects dated March 22, 2010 | FRE 402, 403, 802 |
| 50 | Renaud (07/20/04) EX. 2 VSP-000001 | Stockholders and Non-Stockholders Chart | FRE 402, 403, 901 |
| 51 | Renaud (07/20/04) EX. 3 | Vision Service Plan Board of Directors | FRE 402, 403, 901 |
| 52 | Renaud (07/20/04) EX. 4 | VSP Officers | FRE 402, 403, 901 |
| 53 | Renaud (07/20/04) EX. 5 VSP-000003 | Certificate of Amendment of Articles of Incorporation dated April 1, 1998 | FRE 402, 403, 901 |
| 54 | Renaud (07/20/04) EX. 6 VSP-000006 | Articles of Incorporation of Premier Eyewear dated November 24, 1992 | FRE 402, 403, 901 |
| 55 | Renaud (07/20/04) EX. 7 | Altair Eyewear Membership, Board of Directors and Officers List | FRE 402, 403, 901 |

| 56 | Renaud (07/20/04) EX. 8 | Altair Holding Company Membership, Board of Directors and Officers List | FRE 402, 403, 901 |
|---|---|---|---|
| 104 | Conforti (08/26/04) EX. P-45 | Order Removing Conforti as Counsel for Defendant Altair dated July 22, 2004 | FRE 402, 403 |
| 106 | ASPEX-ALTAIR 8273-8366 | Defendant's Request for *Ex Parte* Reexamination of Plaintiffs' United States Patent No. 5,737,054 | FRE 402; 403 |
| 107 | ASPEX-ALTAIR 7232-7250 | Order Granting Reexamination of Plaintiffs' United States Patent No. 5,737,054 | FRE 402, 403 |
| 108 | ASPEX-ALTAIR 8682-8693 | United States Patent and Trademark Office's Notice of Intent to Issue *Ex Parte* Reexamination Certificate | FRE 402, 403 |
| 114 | Exhibit to Plaintiffs' Motion for Summary Judgment of Infringement | *Webster's Online Dictionary* definition of "embed" http://www.merriam-webster.com/ | FRE 402, 403, 802, 901 |
| 115 | Exhibit to Plaintiffs' Motion for Summary Judgment of Infringement | *Webster's Online Dictionary* definition of the adverb "to", http://www.merriam-webster.com/ | FRE 402, 403, 802, 901 |
| 137 | ASPEX-ALTAIR 9359-9470 | Invoices from Chic Optic, Inc. to Aspex Eyewear, Inc. | FRE 403, 901; FRCP 16, 26, 34, and 37 |

Dated:  March 28, 2011

Respectfully submitted,

**ASPEX EYEWEAR, INC. and
CONTOUR OPTIK, INC.**
By their attorneys,

  /s/ Kimberly A. Warshawsky
Michael A. Nicodema (*pro hoc vice*)
Mary-Olga Lovett (*pro hoc vice*)
Todd L. Schleifstein (*pro hoc vice*)
Kimberly A. Warshawsky (*pro hoc vice*)
GREENBERG TRAURIG LLP
200 Park Ave.
New York, New York 10166
(212) 801-9200

- 47 -

Victor H. Polk (BBO # 546099)
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
(617) 310-6000


**ALTAIR EYEWEAR, INC.**
by its attorneys,

 /s/ Tracy Zurzolo Quinn
Erik Paul Belt, BBO # 558620
McCARTER & ENGLISH, LLP
265 Franklin Street
Boston, MA  02110
(617) 449-6500

Tracy Zurzolo Quinn
Carl H. Pierce
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
(215) 851-8286

**CERTIFICATE OF SERVICE**

I certify that, on March 28, 2011, a true copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants

/s/ Kimberly A. Warshawsky

NJ 227,135,855v1